IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 NOV 19 P 1:37
CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| ROBERT L. STRICKLAND, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-171 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Robert L. Strickland, Jr. ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

I.  **BACKGROUND**

Plaintiff protectively applied for DIB and SSI on January 30, 2009, alleging a disability onset date of November 16, 2008. Tr. ("R."), pp. 70-71, 131, 134. The Social Security Administration denied Plaintiff's applications initially, R. 74-81, and on

reconsideration, R. 84-89. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. 90-96, and the ALJ held a hearing on February 23, 2011. R. 33-69. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, Roger Decker, a Vocational Expert ("VE"), and Plaintiff's mother. Id. On March 18, 2011, the ALJ issued an unfavorable decision. R. 21-29.

Applying the five-step sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since November 16, 2008, the alleged onset date (20 C.F.R. §§ 404.1571 et seq., and 416.971 et seq.).

2. The claimant has the following severe impairments: seizures and blindness in the right eye (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels as defined in 20 C.F.R. §§ 404.1567 and 416.967, except the claimant is precluded from any work requiring the climbing of ladders, ropes and scaffolds. The claimant should avoid all exposure to hazards such as machinery and heights, etc. The claimant is blind in his right eye, and has 20/20 vision in his left eye. The claimant experiences seizure activity roughly every 8 months or so, wherein he would have to take unscheduled leave for about 1 day. The claimant would also have to take unscheduled breaks about twice a week for about 5 to 10 minutes to change clothes and clean himself. The claimant would also wander away from his workstation twice a month for 15 minutes at a time. The claimant is capable of performing past relevant work as a mail room worker, which is classified as semiskilled in nature and light in exertional demand according to the Dictionary of Occupational Titles, code

2

>   222.587-030. This work does not require the performance of work related activities precluded by the claimant's RFC. (20 C.F.R. §§ 404.1565 and 416.965).

R. 26-28.

Because the ALJ determined that Plaintiff could perform his past relevant work, the sequential evaluation process stopped, and the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from November 16, 2008 through March 18, 2011 (the date of the decision). R. 29. When the Appeals Council denied Plaintiff's request for review, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action in the United States District Court for the Southern District of Georgia requesting reversal of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because: (1) the ALJ improperly found Plaintiff's subjective testimony not to be credible; (2) the ALJ failed to consider the testimony of Plaintiff's mother; and (3) the ALJ's decision is not supported by substantial evidence. (See doc. no. 10 (hereinafter "Pl.'s Br.").) The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and should therefore be affirmed. (See doc. no. 11 (hereinafter "Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct

legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the

Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. The ALJ Properly Found Plaintiff's Testimony Not to be Credible.

Plaintiff argues that the ALJ improperly assessed the credibility of his testimony regarding limitations due to seizures. Pl.'s Br., p. 3. Specifically, Plaintiff asserts the ALJ assessed his credibility after determining his RFC, resulting in the ALJ improperly evaluating Plaintiff's testimony for consistency with such RFC finding. Id. at 3-7. The Commissioner argues the ALJ made a proper credibility determination that is supported by substantial evidence. Comm'r's Br., pp. 3-6.

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995)

(*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*). As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (*per curiam*) (internal quotation marks and citations omitted).

Here, the ALJ acknowledged the evidence of Plaintiff's underlying medical conditions of seizures and blindness in his right eye. R. 27. However, the ALJ found that, while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with the RFC assessment. R. 28. After noting that his RFC finding included limitations for Plaintiff's vision impairment, the ALJ found that the medical evidence as to Plaintiff's seizures "does not affirm he is as limited as he alleges." Id. The ALJ expounded on this finding, citing medical records in which Plaintiff stated he had gone approximately a year without a seizure and the physician noted that Plaintiff had a history of not taking his seizure medication. R. 28, 224, 247-48. Moreover, the

6

ALJ noted that "the records from the Medical College of Georgia do not impose limitations on the claimant due to his seizure impairment." R. 28.

Next, the ALJ addressed the opinions of two state agency physicians who did impose limitations, stating that he gave their opinions great weight and that he had incorporated these limitations into his RFC finding. R. 28, 232-39, 252-59. Finally, the ALJ stated that he "gave the claimant the benefit of every doubt and incorporated additional limitations into the claimant's [RFC] regarding his seizures." R. 28. In sum, the ALJ rejected Plaintiff's subjective complaints after thoroughly evaluating the evidence in the record and properly considering Plaintiff's testimony under the Holt standard. Because he provided explicit and adequate reasons for finding Plaintiff's testimony not to be credible, the ALJ's credibility determination is supported by substantial evidence. Foote, 67 F.3d at 1562.

Plaintiff also argues the ALJ applied the wrong legal standard in assessing his credibility, stating that the ALJ determined Plaintiff's RFC before assessing his credibility. In support of his assertion, Plaintiff points to the following language in the ALJ's decision:

> [a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements, concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

R. 28. Based on this language, Plaintiff argues that the ALJ assessed his credibility against a predetermined RFC, denying him fair and impartial evaluation of his claim. Pl.'s Br., p. 4. Plaintiff relies on a Seventh Circuit case, Bjornson v. Astrue, in which the

court criticized the use of similar language. 671 F.3d 640, 645-46 (7th Cir. 2012). However, in addition to the fact that the case is not binding on this Court, the court in Bjornson found that the substance of the ALJ's credibility determination was erroneous, and thus did not reverse based on this language alone. Id. at 646-49. Indeed, the Seventh Circuit itself has subsequently stated that, "[i]f the ALJ has otherwise explained his conclusions adequately, the inclusion of this language can be harmless." Filus v. Astrue, 694 F.3d 863, 868 (7th Cir. 2012). Thus, even under Seventh Circuit law, the ALJ's use of the language quoted by Plaintiff is not reversible error where, as here, it is accompanied by a substantive and sufficient credibility determination.

Here, the ALJ did not make his RFC finding first as Plaintiff asserts. Rather, the ALJ merely led with the result and explained his reasoning at length thereafter, which does not render the credibility assessment improper. See Zanders v. Colvin, No. CV 412-182, 2013 WL 4077456, at *5 n. 11 (S.D. Ga. Aug. 12, 2013); see also Mendez v. Astrue, No. 8:11-CV-686, 2012 WL 1493732, at *3 (M.D. Fla. Mar. 21, 2012). As such, there is nothing in the ALJ's decision indicating he improperly assessed Plaintiff's credibility in making his RFC determination, and this issue provides no basis for remand.

**B.  The ALJ Properly Considered the Testimony of Plaintiff's Mother.**

Plaintiff also contends that the ALJ's decision is not supported by substantial evidence because he failed to properly consider the testimony of Plaintiff's mother, Betty Hall. Pl.'s Br., p. 7, 11. Because Ms. Hall was an "other source" under the regulations, see 20 C.F.R. § 404.1513(d), the decision whether to consider her opinion at all was within the ALJ's discretion. See 20 C.F.R. § 404.1513(d) (other sources whose opinions

may be considered); see also Book v. Astrue, 11-60512-CIV, 2012 WL 3000689, at *2 (S.D. Fla. July 23, 2012). However, Plaintiff argues "an ALJ is required to do more than dismiss a lay witness' testimony with a mere wave of the hand," citing Lucas v. Sullivan, 918 F.2d 1567, 1574 (11th Cir. 1990). In Lucas, the Eleventh Circuit remanded because of multiple errors, but did consider the ALJ's treatment of testimony from the claimant's daughter and neighbor in its analysis. Id. The court noted the lack of reasons indicated in the ALJ's decision for rejecting the witnesses' testimony, and on remand instructed the ALJ to state the weight given to each item of evidence, as well as his reasons for accepting or rejecting it. Id. Here, the ALJ did just that, stating in his decision "[t]he undersigned also considered the testimony of [Ms. Hall]. The undersigned gave [her] testimony little weight as it is contrary to the longitudinal record." R. 28. Thus, contrary to Plaintiff's assertions, the ALJ did not fail to consider Ms. Hall's testimony, and specifically stated the weight he gave her testimony and his reasons for rejecting it. Lucas, 918 F.2d at 1574.

Moreover, even assuming *arguendo* that the ALJ's consideration of Ms. Hall's testimony was somehow insufficient, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995)); see also Voronova v. Astrue, 3:11-CV-709-J-32JBT, 2012 WL 2384414, at *2 (M.D. Fla. May 7, 2012), adopted by 3:11-CV-709-J-32JBT, 2012 WL

2384044 (M.D. Fla. June 25, 2012) (where the ALJ's opinion extensively discussed other evidence in record, failure to mention opinion of "other source" was not reversible error, as substantial evidence supported the ALJ's decision to essentially afford no weight to the opinion). Furthermore, the ALJ need not make an explicit credibility determination as to a family member's testimony "if the credibility determination was implicit in the rejection of the claimant's testimony." Osborn v. Barnhart, 194 F. App'x 654, 666 (11th Cir. 2006) (*per curiam*) (citing Tieniber v. Heckler, 720 F.2d 1251, 1254-55 (11th Cir. 1983)).

Here, due to his thorough analysis of the medical record and Plaintiff's subjective complaints, see supra Part III.A, the ALJ's decision clearly demonstrates that he considered the Plaintiff's medical condition as a whole. Dyer, 395 F.3d at 1210. Moreover, the ALJ's rejection of Plaintiff's subjective testimony during his credibility determination implicitly rejected Ms. Hall's testimony as well. Barnhart, 194 F. App'x at 666. Accordingly, the ALJ did not err in considering Ms. Hall's testimony and giving it little weight and this issue provides no basis for remand.

### C. The ALJ's Decision is Supported by Substantial Evidence.

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ did not properly consider Ms. Hall's testimony, which Plaintiff claims "was most important." (Doc. no. 10, p. 11.) As such, Plaintiff's argument merely restates in conclusory fashion the previously discussed argument, see supra Part III.B, and thus is also without merit. As stated above, the ALJ engaged in a thorough review of the record during his RFC determination, and properly considered and rejected both

Plaintiff's and Ms. Hall's testimony. See supra Part III.A-B. Therefore, the ALJ's decision was supported by substantial evidence, and this argument also provides no basis for remand.

IV. **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 19th day of November, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE